## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

John P. O'Brien

    v.

Endredi Corp.,
Virginia Landmark Corp.,
Mrs. Johnnie A. Pedigo,
Larry C. Brown, and
Glenn P. Clement, Jr.

Maureen P. O'Brien

    v.

Endredi Corp.,
Virginia Landmark Corp.,
Mrs. Johnnie A. Pedigo,
Larry C. Brown, and
Glenn P. Clement, Jr.

June 4, 1971

By JUDGE A. CHRISTIAN COMPTON

    Enclosed you will find a copy of the orders entered in these cases today sustaining the special pleas and demurrers filed by the defendants Endredi, Landmark, Pedigo and Brown. Since this ruling declares the motions for judgment insufficient in law, they are also dismissed

as to the defendant Clement, who has filed his grounds of defense. Leave to amend is granted to the plaintiffs, if they be so advised.

The plaintiffs are seeking recovery of compensatory and punitive damages against the defendants jointly and severally upon the tort of malicious abuse of process. The respective motions for judgment allege that the plaintiffs leased a certain apartment from the owner Endredi and as the result of certain differences which arose between the plaintiffs and the defendants relating to the alleged breach by the plaintiffs of certain portions of the lease agreement, the defendant Endredi, by and through the defendant Landmark, instituted first an action of unlawful detainer in the Civil Justice Court of the City of Richmond seeking to obtain possession of the premises and, later, but while the unlawful detainer action was still pending and undetermined, a proceeding in the Hustings Court for the City of Richmond, Part II, wherein a temporary restraining order was entered (plaintiff's exhibit D to the motions for judgment). The claims herein asserted find their basis mainly in the latter proceeding.

The restraining order dealt with the keeping of live animals on the premises, with the refusal to permit the owner to inspect the premises, and with the personal conduct of the plaintiffs and their children.

The plaintiffs further allege in paragraph 13 of the respective motions for judgment as follows:

> 13. Nevertheless, the defendants, jointly and severally, willfully and maliciously, and with utter disregard for the rights, sensibilities, good names and reputations of the [parties], and each of them, *wrongfully and unlawfully attempted to coerce the [parties] to vacate the apartment by instituting and prosecuting the injunctive proceeding*, making the unjustified, untrue and unwarranted allegations therein, in spite of the fact that there was then pending the unlawful detainer action in the Civil Justice Court for the City of Richmond set for trial on July 21, 1969, that being the proper action to determine the right of the [parties] to remain in said apartment; and *thus were guilty of willful*

*and malicious abuse of process in the institution
and prosecution of the injunctive proceeding*
and the making of the unjustified, untrue and
unwarranted allegations therein. (Italics sup-
plied.)

The parties do not disagree upon the law applicable.
Even though Endredi labels one of its pleadings "Special
Plea in Bar," the sole question before the Court is whether
the respective motions for judgment are sufficient in
law.

The essential elements to support a cause of action
of abuse of process are, "first, an ulterior motive, and
secondly, an act in the use of the process not proper
in the regular prosecution of the proceeding, though it
is immaterial whether such process is baseless or not,
the abuse consisting in its perversions to some unlawful
purpose and in the willful and oppressive use of it after
its issue." *Glidewell* v. *Murray-Lacy*, 124 Va. 563, 572
(1919). *See also Mullins* v. *Sanders*, 189 Va. 624, 632,
633 (1949).

The standard to be used by the Court to test the
sufficiency of a motion for judgment upon demurrer has
been fully stated in *Ames* v. *American National Bank*, 163
Va. 1 (1934), at pages 37 and 38 as follows:

A demurrer admits that all material facts which
are well pleaded are true. Facts well pleaded,
and therefore admitted, are (1) facts expressly
alleged, (2) facts which are by fair intendment
impliedly alleged, and (3) facts which may be
fairly and justly inferred from the facts al-
leged. Facts sufficiently alleged must be taken
as true (unless they are inherently impossible,
or contradicted by other facts pleaded) even
though the court may be of opinion that it is
improbable that they are true. And all reasonable
inferences of fact which a trier of facts may
fairly and justly draw from the facts alleged
must be considered by the court in aid of the
pleading. But the demurrer does not admit the
correctness of the conclusions of law stated
by the pleader, or that the inferences of fact

drawn by the pleader from facts alleged may be fairly and justly drawn therefrom.

Measuring these motions for judgment by this yardstick, the Court finds that they fail to sufficiently allege any matters of fact which constitute "an act in the *use of the process* not proper in the regular prosecution of the proceeding." (Italics supplied.)

The allegation of ulterior motive is sufficiently set forth when the plaintiffs allege that the defendants wrongfully attempted to coerce the plaintiffs to vacate the apartment by instituting and prosecuting the suit. However, as to the second necessary element, there is found in paragraph 13 only the mere general conclusion of law that the defendants "were guilty of willful and malicious abuse of process in the institution and prosecution of the injunctive proceeding." The improper *"institution"* of the injunctive proceeding will not afford a ground for relief upon the theory of abuse of process. Furthermore, the allegation that the defendants wrongfully "prosecuted" the suit fails to assert any facts to support the conclusion that the injunctive process was perverted to any unlawful purpose. The term "prosecution," as applied to civil litigation, includes carrying on every step in the action from its commencement to its final determination. *Black's Law Dictionary*, Third Edition, p. 1451. The mere carrying on of the litigation, even with an ulterior motive, is not a sufficient showing to support an action of abuse of process. There must be some act or acts alleged which show an "improper use of regularly issued process." 189 Va. 633. Such facts have not been "expressly alleged" nor are such facts "by fair intendment impliedly alleged" nor may such facts be "fairly and justly inferred from the facts alleged." Such being the case, the motions for judgment are insufficient in law.

In view of what has been said above, it is not necessary for the Court at this time to rule upon the compromise and settlement issue raised by the defendant Endredi.